UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. _____

SCOTT CARRUTHERS,
Individually and on behalf
of all those similarly situated,

4:10cv7-RH/WCS

       Plaintiff,

v.

AMERICAN HONDA FINANCE
CORPORATION, d/b/a HONDA
FINANCIAL SERVICES,

       Defendant.
_____/

### NOTICE OF REMOVAL

      The Defendant, AMERICAN HONDA FINANCE CORP. ("AHFC"), pursuant to 28 U.S.C. §1331, §1332(d), §1367(a) and §1441(a) and (c), hereby files this Notice of Removal in the above-style cause to the United States District Court, Northern District of Florida, Tallahassee Division, and in support thereof states as follows:

      1.    The Plaintiff, Scott Carruthers ("Carruthers") filed the instant action individually, and as a putative class representative, in the Second Judicial Circuit in and for Leon County, Florida, Case No. 2009-CA-4623.

      2.    AHFC was served on December 9, 2009 with the Summons and Complaint in the above-entitled action.

COLE, SCOTT & KISSANE, P.A.
4686 SUNBEAM ROAD – JACKSONVILLE, FL 32257 – TEL: 904-672-4000 – FAX 904-672-4050

Case No. _____

## Federal Question Jurisdiction

3.      The instant suit is one which the District Court of the United States has original jurisdiction as it appears on the face of Carruthers' properly pleaded Complaint that the crux of this claim is based on the existence of a federal question.  See 28 U.S.C. §1331 ("the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"); see also 28 U.S.C. §1441(a).

4.      The crux of Carruthers' Complaint against AHFC is premised upon an alleged violation of the Federal Fair Credit Reporting Act (herein "FCRA") 15 U.S.C. §1681, et. seq.  See Count II of Carruthers' Complaint.  Carruthers alleges that he disputed an invoice from AHFC, that he reported his dispute to AHFC, and that notwithstanding his dispute of the charge, AHFC allegedly made "an adverse credit report" against Carruthers, and that this resulted in Carruthers' credit card being canceled.  See paragraphs 9, 10, and 15 of Carruthers' Complaint.  Carruthers further alleges that he "notified all three credit reporting agencies pursuant to the Federal Fair Credit Reporting Act of the inaccurate adverse report" by AHFC.  See paragraph 16 of Carruthers' Complaint.  Finally, Carruthers alleges that the basis for his damage claim is AHFC's alleged violation of the Federal Fair Credit Reporting Act and AHFC's reporting of an "inaccurate adverse report."  See paragraphs 16, 17, and Count II of Carruthers' Complaint.

Case No. _____

5.     Count II of Carruthers' Complaint is pled in his individual capacity, and as a putative class representative, based on alleged violations of the FCRA.   Carruthers specifically cites this federal statute as the basis for his relief and quotes from this federal statute alleging:

> The Federal Credit Reporting Act at 15 U.S.C. § 1681s-2. "Responsibilities of Furnishers of Information to Consumer Reporting Agencies" provides under "(a) Duty of Furnishers of information to provide accurate information" at "(8) Ability of consumers to dispute information directly with furnisher" at "(E) Duty of person after receiving notice of dispute" as follows:

> 54.  After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall –

>> (i) conduct an investigation with respect to the disputed information;
>> (ii) review all relevant information provided by the consumer with the notice;
>> (iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i(a) (1) of this title [30 days from notice of the disputed item] within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and
>> (iv) if the investigation finds that the information reported was inaccurate promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

See Carruthers' Complaint at paragraphs 54 and 55.

COLE, SCOTT & KISSANE, P.A.
4686 SUNBEAM ROAD – JACKSONVILLE, FLORIDA – (904) 672-4000 (TEL); (904) 672-4050 (FAX)

Case No. _____

6.     The FCRA provides:

> An action to enforce any liability created under this
> subchapter may be brought in any appropriate United
> States district court, without regard to the amount in
> controversy, or in any other court of competent
> jurisdiction …
> <u>See</u> 15 U.S.C. §1681p

7.     With regard to the removal of an FCRA claim from state court to federal court, the Eleventh Circuit Court of Appeals has expressly held that FCRA actions are removable from state court, as they raise a federal question.  <u>Lockard v. Equifax, Inc.,</u> 163 F3rd 1259, 1264-65 (11th Cir. 1998)(affirming the denial of a motion to remand the removal of an FCRA claim, concluding that 15 U.S.C. § 1681p does no more than give state courts concurrent jurisdiction, and since the FCRA claim raises a federal question, the claim was properly removable from state court to federal court); <u>see</u> <u>also</u> <u>Hukic v Aurora Loan Services</u>, --F3rd --, 2009 WL 3878235 (7th Cir. Nov. 20, 2009)(case was properly removed as the complaint "stated a claim under a federal statute, the FRCA, 15 U.S.C. §1681, the federal court had original jurisdiction over the FCRA claim").

8.     All of the other counts raised in Carruthers' Complaint are premised upon the alleged violation of the FCRA.  For example, Count I of Carruthers' Complaint purports to set forth a cause of action for a violation of the Florida Deceptive & Unfair Trade Practices Act ("FDUTPA").  However, in Count I of Carruthers' Complaint, he specifically references the FCRA as the basis for the FDUTPA claim, and cites extensively from 15 U.S.C. §1681s-2(a)(8)(E); 15 U.S.C. §1681s-2(a)(8)(E) (i); 15

4

Case No. _____

U.S.C. § 1681s-2(a)(8)(E) (ii); 15 U.S.C. §1681s-2(b)(1)(A); 15 U.S.C. §1681s-2(b)(1)(B); 15 U.S.C. §1681s-2(b)(1)(C); 15 U.S.C. §1681s-2(b)(1)(E)(iii); 15 U.S.C. §681n; and 15 U.S.C. §1681(o) in support of his FDUTPA claim. See paragraphs 32, 33, 41, and 45 of Carruthers' Complaint. Likewise, Count III of Carruthers' Complaint (a violation of Florida's Consumer Collection Practices Act, herein "FCCPA") is premised upon the very same wrong which is the subject matter of the federal FCRA claim, specifically liability based on "disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." See paragraph 77 of Carruthers' Complaint. Carruthers also specifically cites the federal statute in support of his claims set forth in Count III, specifically 15 U.S.C. §1681s-2(a)(8)(E) and 15 U.S.C.§ 1681s-2(b)(1)(A)(B) and (C). See paragraph 87 of Carruthers' Complaint.

9.     Likewise, each of the remaining counts of Carruthers' Complaint is premised upon the same conduct allegedly constituting the violation of the Federal Statute, to wit: the disclosure of information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. See paragraphs 95 (Count IV), 101 and 103 (Count V), 110 (Count VI), and 116 (Count VI).

<u>Subject Matter Jurisdiction Supporting Removal</u>

10.     The instant lawsuit is one which the district court of the United States has original jurisdiction since the claim presented raises a federal question under the FCRA. 28 U.S.C. §1331 and 1441(a); Lockard v. Equifax, Inc., supra.

Case No. _____

11.     The removal of this cause is further authorized by the provisions of 28 U.S.C. §1441(b).  This cause became removable on December 9, 2009, when AHFC first received notice of this claim (in the form of the service of the Plaintiff's Summons and Complaint).  28 U.S.C. §1446(b); see Powers v. Chesapeake RR Co., 169 U.S. 92 (1897).

12.     This Notice of Removal was formed and filed by AHFC within thirty (30) days of receipt of the Plaintiff's Summons and Complaint which enabled AHFC to determine for the first time that this cause was removable pursuant to 28 U.S.C. §1446(b).

13.     Written notice of the filing of this Notice of Removal, on this date, has been given to the Plaintiff, Scott Carruthers, through his counsel.  A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

14.     A copy of all process, pleadings and orders served and filed in the aforementioned state court action are attached to this Notice of Removal as Composite Exhibit "A".

### Diversity of Citizenship

15.     Separate and apart from the instant case being removable pursuant to 28 U.S.C. §1331 and §1441(a), based on the federal question presented by the FCRA claim, the instant matter is also alternatively removable pursuant to 28 U.S.C. §1332(d), as this suit is one which the district court of the United States has original jurisdiction

6

COLE, SCOTT & KISSANE, P.A.
4686 SUNBEAM ROAD – JACKSONVILLE, FLORIDA – (904) 672-4000 (TEL); (904) 672-4050 (FAX)

Case No. _____

since it involves a controversy that is exclusively between citizens of different states, since the class action allegations potentially involve the monetary claims of 100 or more plaintiffs, and the amount in controversy presents an aggregate of $5,000,000 in claims. 28 U.S.C. § 1332(d)(2); Lowery v. Alabama Power Co., 483 F.3rd 1184, 1202-02 (11th Cir. 2007).

16.    At the time the Complaint and Notice of Removal were filed in this cause, and at all times material hereto, Plaintiff Carruthers was a citizen and resident of the State of Florida.  See Carruthers' Complaint at paragraph 4; see Exhibits 1 and 2 to Carruthers' Complaint (verifying his addressing in Tallahassee, Florida).  Therefore, the presumption arises that the Plaintiff is a citizen of the State of Florida.  Nicholas v Macneille, 492 F. Supp. 1046 (D.C. S.C. 1980); Lee v. Volkswagen of America, Inc., 429 F. Supp. 5 (W.D. Okla. 1976); Jong v. General Motors Corp., 359 F. Supp. 223 (N.D. Cal. 1973); see also Bankston v. Illinois National Ins. Co., 443 F. Supp. 2nd 1380, 1381 (M.D. Fla. 2006)(plaintiff's mere failure to allege citizenship in the initial complaint does not prevent commencement of the 30 days for removal).

17.    At the time the Complaint and Notice of Removal were filed in this cause, and at all times material hereto, Defendant, AHFC, was a citizen of the State of California (AHFC is a California corporation with its principal place of business located in Torrance, California).   See paragraph 2 of Plaintiff's Complaint; see also the Declaration of Selena A. Nutter attached hereto as Exhibit "B".

Case No. _____

18.     Plaintiff alleges that the number of putative class members are in the " …

hundreds, if not thousands," and represent all residents of the State of Florida who have

entered into lending agreements with AHFC for the prior five (5) year period of time.

See paragraphs 19 through 28 of Plaintiff's Complaint.  AHFC has originated 373,692

total retail and lease accounts in the State of Florida for the prior five-year period of

time. See the Declaration of Selena A. Nutter attached hereto as Exhibit "B".

19.     Accordingly, multiplying the number of customers (373,692), or putative

class members, by the "representative" damages sought by the Plaintiff ($763.45), the

aggregate jurisdictional requirements of the Class Action Fairness Act ("CAFA") are

easily satisfied by a preponderance of the evidence. See the Declaration of Selena A.

Nutter attached hereto as Exhibit "B". Accordingly, separate and independent of the

federal question subject matter jurisdiction over this matter, AHFC submits that this

Court alternatively has subject matter jurisdiction under 28 U.S.C. §1332(d).   AHFC

submits that the Plaintiff's Complaint, the Declaration of AHFC, and the other materials

in the record sufficiently establish the amount in controversy exceeds the minimum

jurisdictional amount.   Williams v. Best Buy Co., 269 F.3rd 1316, 1319-20 (11th Cir.

2001).

### Pendent or Supplemental Jurisdiction Over the State Claims

20.     28 U.S.C. §1367(a) provides in relevant part:

> [I]n any civil action of which the district courts have
> original jurisdiction, the district court shall have
> supplemental jurisdiction over all other claims that are so

8

Case No. _____

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

21.    Additionally, 28 U.S.C. §1441(c) provides:

(c)  Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

22.    As demonstrated in paragraphs 6 and 7 above, all of Carruthers' claims arise out of damages stemming from an alleged adverse credit report notwithstanding that the debt was reasonably disputed by the debtor, and the dispute was not disclosed. Carruthers alleges that this conduct violates the FRCA, and Carruthers further asserts that this very same conduct forms the basis for each of the other claims he has asserted.  As noted above, Carruthers specifically cites the federal statute, 15 U.S.C. §1681, et. seq., in Counts I (FDUPTA),  II (FCRA), and III (FCCPA), and raises this same alleged wrongful conduct as the basis for the recovery in Counts IV (Defamation), V (Tortious Interference), VI (Negligence) , and VII (Breach of Contract).

23.    As each of the counts of Carruthers' Complaint is premised and contingent upon the same alleged wrongful conduct that presents the federal question, the claims arise out of the same case or controversy. Hukic v. Aurora Loan Services, supra (finding that defamation, breach of contract and tortuous interference claims were not actionable

Case No. _____

under FCRA since the claims were based on the same alleged wrongful conduct); Okolie v. Trans Union LLC, 1999 WL 458165[1] (E.D. N.Y. June 30, 1999)(finding that claims for defamation and breach of contract were not actionable since they shared a common nucleus of operative fact with the FCRA claim); Wiggins v. Hitchens, 853 F. Supp. 505, 514-15 (D.D.C. 1994)(concluding that claims for tortuous interference with a contract and conspiracy claims formed part of the same "case or controversy" as the FCRA claim and therefore were not actionable). Indeed, not only do the state law claims form part of the same case or controversy as the FCRA claim, as explained in the following section, the non-FCRA claims are preempted as a matter of law[2].  Accordingly, this Court may appropriately exercise jurisdiction over the entire removed case.

### Preemption of The State Claims

24.	15 U.S.C. §1681h(e) provides:

> (e) Limitation of Liability
> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to § 1681(g), 1681(h) or 1681(m) of this Title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the

---

[1]	"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[2]	AHFC has contemporaneously served a 12(b)(6) motion to dismiss based, in part, on these claims being preempted.

Case No. _____

> report except as to false information furnished with
> malice or willful intent to injure such consumer.

25.   As numerous courts have observed, §1681h(e) serves as a *quid pro quo* grant of protection for statutorily required disclosures. <u>Cites v. Nationstar Mortgage, LLC</u>, 646 F. Supp. 699, 705 (M.D. Pa. 2009); <u>Thornton v. Equifax, Inc.</u>, 619 F.2nd 700, 703 (8th Cir. 1980); <u>Islam v. Option 1 Mortgage Corp.</u>, 432 F. Supp. 2nd 181, 193 (D.Mass. 2006). Since this federal statute requires certain information disclosed to consumer credit reporting agencies, this Section guarantees that the agencies or users reporting the information "cannot be sued for those required disclosures under state tort law." <u>McAnly v. Mittleton & Reutlinger, P.S.C.</u>, 77 F.Supp. 2nd 810, 814 (W.D. Ky. 1999).

26.   Similarly, §1681t(b)(1)(F) of the  FCRA likewise provides preemption of state claims as follows:

> No requirement or prohibition may be imposed under the
> laws of any state –
> (1)  With respect to any subject matter regulated under –
> ***
> (F)  §1681s-2 of this Title, relating to the responsibilities of
> persons who furnish information to consumer reporting
> agencies …

27.   The same issue was presented to the court in <u>Riley v. General Motors Acceptance Corp.</u>, 226 F. Supp. 2nd 1316 (S.D. Ala. 2002).  In <u>Riley</u>, the plaintiff brought a claim based on a violation of the FCRA, and also asserted state tort claims, including negligence, defamation, and intentional torts.  Noting that the Eleventh Circuit had not

Case No. _____

yet addressed this issue, the district court in <u>Riley</u> concluded that §1681t(b)(1)(F) preempts the Plaintiff's state law claims in a FCRA suit that had been removed to Federal Court.   The court specifically held "the plaintiff's state claims are entirely preempted by the FCRA, as the plain language of the federal statute 'clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting'."   <u>Id</u>. at 1322, citing <u>Jaramillo v. Experian Information Solutions, Inc.</u>, 155 F.Supp. 2nd 356 (E.D. Pa., 2001) and <u>Carney v. Experian Information Solutions, Inc.</u>, 57 F.Supp. 2nd 496 (W.D. Tenn., 1999).

28.     Accordingly, as the FCRA claim asserted by the Plaintiff clearly presents a federal question, and as the remaining state law claims are based on the same case or controversy, and/or are preempted by the FCRA, this Defendant respectfully submits that this case has been properly removed to this court, that this court may assume federal jurisdiction of the entire case, and this Defendant respectfully requests this court to approve this Notice of Removal.

29.     It is important to note that while federal question jurisdiction is generally governed by the "well pleaded complaint" rule, there is a clear exception to this rule where complete preemption of the state claims exists.   <u>In Re: Managed Care Litigation v. Blue-Cross/Blue-Shield</u>, 2009 W.L. 413512 (S.D. Feb. 19, 2009) (the doctrine of complete preemption serves as an exception to the "well pleaded complaint" rule and permits a defendant to remove a case to federal court even when only state law claims are alleged in the complaint).   As demonstrated in the above cases, it is clear that

12

Case No. _____

Congress has preempted state law claims relating to the furnishing of credit information, and therefore this Court independently has jurisdiction over all of the Plaintiff's state law claims in order to address the FCRA preemption of these claims. <u>In Re: Managed Care Litigation</u>, <u>supra</u>; <u>Kemp v. IBM</u>, 109 F.3rd 708, 712 (11th Cir. 1997).

WHEREFORE, the Defendant, AMERICAN HONDA FINANCE CORP., respectfully requests this Court to assume federal jurisdiction of this entire case and approve this Notice of Removal.

**COLE, SCOTT & KISSANE, P.A.**
Attorneys for Defendant
American Honda Finance Corp.

_____
Daniel J. Kissane (FB#771287)
David A. Cornell (FB#856411)
4686 Sunbeam Road – Suite 201
Jacksonville, FL  32257
(904) 253-6090 (telephone)
(904) 253-6299 (facsimile)
<u>daniel.kissane@csklegal.com</u>
<u>david.cornell@csklegal.com</u>

Case No. _____

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was filed with the Court this **7th** day of January, 2010 by hand delivery, and a copy was sent by e-mail and facsimile to: Douglas S. Lyons, Esq., LYONS & FARRAR, P.A., 325 N. Calhoun Street, Tallahassee, FL 32301; (e-mail: doug_lyons@comcast.net; facsimile: 850-222-5583) *(Counsel for Plaintiff)*.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
American Honda Finance Corp.

Daniel J. Kissane (FB#771287)
David A. Cornell (FB#856411)
4686 Sunbeam Road – Suite 201
Jacksonville, FL 32257
(904) 253-6090 (telephone)
(904) 253-6299 (facsimile)
daniel.kissane@csklegal.com
david.cornell@csklegal.com